IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID WAYNE OATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-416-F |
| | ) | WO |
| | ) | |
| COOSA COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, David Wayne Oates ["Oates"], a county inmate, complains that the defendants denied him access to the law library during his confinement in the Coosa County Jail. The plaintiff seeks only injunctive relief. *See Plaintiff's Complaint* at 4. On May 18, 3005, the plaintiff filed a notice of change of address in which he advises that he is no longer incarcerated in the Coosa County Jail.[1]

Upon consideration of the pleadings filed in this case, the court concludes that the plaintiff's complaint is due to be dismissed as the claim raised therein is moot.

## DISCUSSION

The plaintiff complains that while incarcerated in the Coosa County Jail the defendants failed to provide him access to a law library. He requests that the court order the defendants to "make available a law library for all inmates." *Plaintiff's Complaint* at 4.

---

[1] The plaintiff is presently incarcerated in the Clay County Jail.

However, the plaintiff is no longer incarcerated at the Coosa County Jail.

In light of the foregoing, the court concludes that the plaintiff's claim is moot and that this case is due to be dismissed. *See County of Los Angeles v. Davis*, 440 U.S. 625 (1979); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed as moot. It is further

ORDERED that on or before June 6, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

2

down prior to the close of business on September 30, 1981.

DONE, this 24th day of May, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

3